701 S.E.2d 29

**In the Matter of Donald Keith KNIGHT, Jr., Respondent.**

**No. 26884.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2010.

Decided Oct. 11, 2010.

Lesley M. Coggiola, Disciplinary Counsel and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

W. Bennett McCollough, of Kingstree, for Respondent.

PER CURIAM.

This attorney disciplinary matter is before the Court pursuant to the reciprocal disciplinary provisions of Rule 29, RLDE, Rule 413, SCACR.

## FACTS

By order dated June 28, 2010, the Supreme Court of Georgia accepted respondent's Petition for Voluntary Surrender of License pursuant to Rule 4–104 of the Rules of the State Bar of Georgia,[1] which that court stated "is tantamount

---

1. This rule, which addresses mental incapacity and substance abuse, states the following:

    (a) Want of a sound mind, senility, habitual intoxication or drug addiction, to the extent of impairing competency as an attorney, when found to exist under the procedure outlined in Part IV, Chapter 2 of these rules, shall constitute grounds for removing the attorney

to disbarment," and directed that respondent's name be removed from the rolls of persons authorized to practice law in the State of Georgia. Respondent filed the petition after three formal complaints and seven additional grievances were filed against him alleging he forged his former law partner's name to bank documents, removed client funds from his trust account, deposited checks payable to his firm into his personal bank account, converted firm checks payable to third parties to his own use, accepted fees from clients then failed to communicate with them, willfully abandoned clients' cases, and converted funds he received in a fiduciary capacity to his own use. Respondent admitted all of the material allegations in the formal complaints and the grievances and admitted he suffered from drug addiction to the extent that it impaired his competency as a lawyer.

Respondent did not notify the Office of Disciplinary Counsel (ODC) of the action taken by the Georgia Supreme Court, as required by Rule 29(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. However, ODC obtained a certified copy of the order and filed it with this Court. Rule 29(a), RLDE. The Clerk of Court sent respondent notice of receipt of the certified order and directed him to inform the Court of any claim he may have that the imposition of the

---

from the practice of law. Notice of final judgment taking such action shall be given by the Review Panel as provided in Rule 4–220(a). (b) Upon a finding by either panel of the State Disciplinary Board that an attorney may be impaired or incapacitated to practice law due to mental incapacity or substance abuse, that panel may, in its sole discretion, make a confidential referral of the matter to the Committee on Lawyer Impairment for the purposes of confrontation and referral of the attorney to treatment centers and peer support groups. Either panel may, in its discretion, defer disciplinary findings and proceedings based upon the impairment or incapacitation of an attorney pending attempts by the Committee on Lawyer Impairment to afford the attorney an opportunity to begin recovery. In such situations the committee shall report to the referring panel and Bar counsel concerning the attorney's progress toward recovery. (c) In the event of a finding by the Supreme Court of Georgia that a lawyer is impaired or incapacitated, the Court may refer the matter to the Committee on Lawyer Impairment, before or after its entry of judgment under Bar Rules 4–219 or 4–220(a), so that rehabilitative aid may be provided to the impaired or incapacitated attorney. In such situations the committee shall be authorized to report to the Court, either panel of the State Disciplinary Board and Bar counsel concerning the attorney's progress toward recovery.

identical discipline in South Carolina would be unwarranted and the reasons for that claim. Rule 29(b), RLDE.

Respondent has filed a return in which he seeks imposition of a lesser discipline under Rule 29(d)(5), RLDE.[2] Respondent states the Georgia Supreme Court accepted his Petition for Voluntary Surrender of License pursuant to State Bar of Georgia Rule 4–104 regarding mental incapacity and substance abuse. Respondent admits he was incapacitated due to drug addiction, but states he began treatment in the summer of 2008, which he continues to date, and was authorized by his psychiatrist to return to work on a limited basis in January 2009 and on an unrestricted basis in March 2009. He states his "mental capacity has recovered" and that the reason for surrender of his license no longer exists. Respondent has offered his medical records for consideration by the Court in imposing a lesser discipline than surrender of his license to practice law in South Carolina. Finally, respondent states none of his clients suffered monetary loss other than in retaining substitute counsel in the matters in which he represented them and that no funds were illegally taken by him.

ODC has filed a reply in which it maintains Rule 29(d)(5), upon which respondent relies, is inapplicable because it applies in cases in which a lawyer is placed on incapacity inactive status in another state and reciprocal imposition of incapacity inactive status is being considered in South Carolina. ODC contends that in this case, respondent was not placed on incapacity inactive status in Georgia, but was instead disciplined. ODC states South Carolina does not have a procedure similar to the procedure Georgia has for the voluntary surrender of a license to practice law;[3] however, ODC asserts that

---

2. Rule 29(d) states the Court shall impose the identical discipline or incapacity inactive status unless the lawyer or disciplinary counsel demonstrates, or the Court finds, that it clearly appears on the face of the record from which the discipline is predicated that certain circumstances exist, including that the reason for the original transfer to incapacity inactive status no longer exists.

3. Rule 4–227 of the Rules of the State Bar of Georgia states the following:
   (a) A petition for voluntary discipline shall contain admissions of fact and admissions of conduct in violation of Part IV, Chapter 1 of these rules sufficient to authorize the imposition of discipline.

(b) Prior to the issuance of a formal complaint, a respondent may submit a petition for voluntary discipline seeking any level of discipline authorized under these rules.

(1) Those petitions seeking private discipline shall be filed with the Office of General Counsel and assigned to a member of the Investigative Panel. The Investigative Panel of the State Disciplinary Board shall conduct an investigation and determine whether to accept or reject the petition as outlined at Bar Rule 4–203(a)(9).

(2) Those petitions seeking public discipline shall be filed directly with the Clerk of the Supreme Court. The Office of General Counsel shall have 30 days within which to file a response. The court shall issue an appropriate order.

(c) After the issuance of a formal complaint a Respondent may submit a petition for voluntary discipline seeking any level of discipline authorized under these rules.

(1) The petition shall be filed with the Special Master who shall allow bar counsel 30 days within which to respond. The Office of General Counsel may assent to the petition or may file a response, stating objections and giving the reasons therefore. The Office of General Counsel shall serve a copy of its response upon the respondent.

(2) The Special Master shall consider the petition, the Bars response and, the record as it then exists and may accept or reject the petition for voluntary discipline.

(3) The Special Master may reject a petition for such cause or causes as seem appropriate to the Special Master. Such causes may include but are not limited to a finding that:

(i) the petition fails to contain admissions of fact and admissions of conduct in violation of Part IV, Chapter 1 of these rules sufficient to authorize the imposition of discipline;

(ii) the petition fails to request appropriate discipline;

(iii) the petition fails to contain sufficient information concerning the admissions of fact and the admissions of conduct;

(iv) the record in the proceeding does not contain sufficient information upon which to base a decision to accept or reject.

(4) The Special Masters decision to reject a petition for voluntary discipline does not preclude the filing of a subsequent petition and is not subject to review by either the Review Panel or the Supreme Court. If the Special Master rejects a petition for voluntary discipline, the disciplinary case shall proceed as provided by these rules.

(5) If the Special Master accepts the petition for voluntary discipline, s/he shall enter a report making findings of fact and conclusions of law and deliver same to the Clerk of the State Disciplinary Board. The Clerk of the State Disciplinary Board shall file the report and the complete record in the disciplinary proceeding with the Clerk of the Supreme Court. A copy of the Special Masters report shall be served upon the respondent. The Court shall issue an appropriate order.

(6) Pursuant to Bar Rule 4–210(e), the Special Master may in his or her discretion extend any of the time limits in these rules in order to adequately consider a petition for voluntary discipline.

State Bar of Georgia Rule 4–110(f) defines a "Petition for Voluntary Surrender of License" as "[a] Petition for Voluntary Discipline in which the respondent voluntarily surrenders his license to practice law in this

because "voluntary surrender in Georgia is the equivalent of disbarment," disbarment is appropriate in the case at hand.

ODC also notes that in order for this Court to deviate from the discipline imposed by the Georgia Supreme Court, it must find that it is clear from the face of the record from which the discipline is predicated that identical discipline should not be imposed. ODC contends respondent is asking this Court to consider matters outside that record and essentially seeking a re-investigation of the underlying disciplinary matters that gave rise to the disciplinary action in Georgia. ODC submits the purpose of reciprocal discipline is to avoid the necessity to re-investigate and re-litigate disciplinary matters that have already been decided by the authorities in another jurisdiction. Accordingly, ODC asks that the Court reject respondent's request that reciprocal discipline not be imposed and issue an order disbarring respondent.

## LAW

When a lawyer has been disciplined in another jurisdiction, this Court will impose the identical discipline or incapacity inactive status unless the lawyer or disciplinary counsel demonstrates, or the Court finds, that it clearly appears on the face of the record from which the discipline is predicated, that (a) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (2) there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; (3) the imposition of the same discipline by the Court would result in grave injustice; (4) the misconduct established warrants substantially different discipline in this state; or (5) the reason for the original transfer to incapacity inactive status no longer exists. Rule 29(d), RLDE. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate. *Id.* If the Court determines that any of the elements above exist, it can enter such other order as it deems

State." The definition states, as does the order of the Supreme Court of Georgia in this case, that a voluntary surrender of license is tantamount to disbarment.

appropriate. *Id.* The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate. *Id.* In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct or should be transferred to incapacity inactive status shall establish conclusively the misconduct or the incapacity for purposes of a disciplinary or incapacity proceeding in this state. Rule 29(e), RLDE.

Rule 4–104 of the Rules of the State Bar of Georgia clearly provides that a lawyer may be removed from the practice of law in Georgia if he suffers from a drug addiction that impairs his competency as a lawyer. Pursuant to Rules 4–110(f) and 4–227, a lawyer may voluntarily submit to such discipline by filing a Petition for Voluntary Surrender of License, which is the equivalent of disbarment.

■ Similarly, Rule 28(b)(6) of the South Carolina Rules for Lawyer Disciplinary Enforcement states that if this Court concludes a lawyer suffers from a physical or mental condition that adversely affects the lawyer's ability to practice law, it may enter *any order appropriate to the circumstances, the nature of the incapacity and probable length of the period of incapacity.* In addition, after receipt of an examination report of an expert, ODC and the lawyer may agree on proposed findings of fact, conclusions, and a recommended disposition. Rule 28(e), RLDE. The stipulated disposition must be submitted to the hearing panel for a recommendation to the Court that it be approved or rejected. *Id.* The final decision on the recommendation is made by the Court. *Id.* If the Court accepts the stipulated disposition, an order is entered in accordance with its terms. *Id.* Accordingly, a lawyer in South Carolina may also consent to disbarment based on a physical or mental condition that adversely affects his ability to practice law.

■ Based on the language of the applicable Georgia and South Carolina rules, we agree with ODC that respondent cannot rely on Rule 29(d)(5) because while a transfer to incapacity inactive status, or an equivalent disposition, is available under both Rule 4–104 and Rule 28, such disposition was not imposed in this case. Instead, respondent consented

to a form of discipline under the Georgia rule that is equivalent to disbarment, an option that is also available under the South Carolina rule. Moreover, respondent has failed to otherwise demonstrate that imposition of the same discipline in South Carolina is not appropriate. We therefore find disbarment is the appropriate sanction to impose as reciprocal discipline in this matter. Respondent is hereby disbarred from the practice of law in this state retroactive to June 28, 2010, the date respondent was disbarred from the practice of law in Georgia.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.